# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARGARET GAMON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SHRINERS HOSPITALS FOR CHILDREN**, a corporation,<br><br>Defendant. | Case No. 3:23-cv-00216-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Meagan A. Himes and Sarah Elizabeth Ames Benedict, David Wright Tremaine, LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201-5630. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Shriners Hospitals for Children's Motion to Dismiss ("MTD"), ECF 9, under Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiff Margaret Gamon's Complaint ("Compl."), ECF 1, fails to allege sufficient facts to state a claim for religious discrimination under Title VII of the Civil Rights Act and O.R.S. 659A.030. *See* MTD, ECF 9 at 7–9. Plaintiff counters that "an assertion of a sincere religious belief should

PAGE 1 – OPINION AND ORDER

be generally accepted." Plaintiff's Response to Defendant's Motion to Dismiss ("Resp."), ECF 16 at 6. This Court holds that the Complaint lacks the allegations needed to survive 12(b)(6) scrutiny and thus GRANTS the Motion to Dismiss with leave for Plaintiff to amend her Complaint.[1]

## BACKGROUND

The facts below are those contained in the Complaint.[2] Plaintiff began working for Defendant in June 1998 as an Executive Assistant at Shriners Children's Hospital in Portland, Oregon. Compl., ECF 1 ¶¶ 3, 5. During her twenty-three years with Defendant, Plaintiff consistently received very good to excellent reviews from her supervisor and once received the Employee of the Month award. *Id.* ¶ 5.

In late February 2020, the COVID-19 pandemic unfolded, "represent[ing] a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities." *Id.* ¶ 7. Despite the pandemic, Plaintiff continued to work in person. *Id.* ¶¶ 8–9. She followed hospital rules to protect herself from infection—wearing personal protective equipment ("PPE"), handwashing, social distancing, and quarantining when necessary. *Id.* ¶ 10.

---

[1] Defendant also argues in its Motion to Dismiss that it "could not accommodate [Plaintiff's] request without undue hardship," MTD, ECF 9 at 10, which is an affirmative defense under Title VII. In late June 2023, the Supreme Court in *Groff v. DeJoy*, 600 U.S. 447 (2023), clarified the test for the undue hardship defense, and in light of *Groff*, this Court ordered supplemental briefing from the Parties, ECF 14. *See MacDonald v. Or. Health & Sci. Univ.*, Case No. 3:22-cv-01942-IM, 2023 WL 5529959, at *4 n.3 (D. Or. Aug. 28, 2023) (Immergut, J.) (explaining that "following *Groff*, a more than de minimis cost alone is no longer sufficient to show an undue hardship."). Because Plaintiff's Complaint does not allege sufficient facts for its prima facie case, this Court does not reach the issue of the undue hardship defense.

[2] On a motion to dismiss, this Court must accept all well-pleaded factual allegations from the Complaint as true and draw all reasonable inferences in the non-movant's favor. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

In the Summer of 2021, Defendant announced that it was rolling out a COVID-19 vaccine mandate that permitted exceptions based on religious belief and preexisting medical conditions. *Id.* Plaintiff submitted her religious exemption paperwork, but Defendant denied it. *Id.* ¶ 11. Soon thereafter, she was fired on October 18, 2021. *Id.*

On February 13, 2023, Plaintiff filed this suit against Defendant, seeking damages exceeding $100,000, attorney's fees, and costs. *Id.* at 7 (Prayer for Relief). She alleges that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs, in violation of O.R.S. 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–e-17. *Id.* ¶¶ 21–30. In response, Defendant filed the Motion to Dismiss now before this Court on June 16, 2023. *See generally* MTD, ECF 9.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, a complaint's allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**DISCUSSION**

Plaintiff's Complaint lacks sufficient factual content regarding the conflict between her religious beliefs and a COVID-19 vaccine mandate to survive Defendant's Motion to Dismiss. This Court thus grants the Motion.

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). To make a prima facie case of religious discrimination under Title VII, Plaintiff must show that: "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (citation omitted). The same elements apply to claims under O.R.S. 659A.030. *Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007).

The Complaint makes four allegations concerning Plaintiff's religious beliefs. First, "Plaintiff is . . . a devoutly religious individual who adheres to principles of a Christian faith." Compl., ECF 1 ¶ 5. Second, Defendant failed to "reasonably accomodat[e] Plaintiff's sincerely held religious beliefs." *Id.* ¶ 11. Third, "Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants [sic] of Christianity." *Id.* ¶ 26. And fourth, "Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate." *Id.* ¶ 27. Only the fourth statement addresses a conflict between her religious belief and Defendant's vaccine mandate, and even then, it does not describe the conflict.

This single conclusory allegation is insufficient under Rule 12(b)(6). Although "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value" and must

still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). Consistent with this rule, several district courts have dismissed Title VII complaints for making conclusory allegations regarding the plaintiff's religious views that do not describe the conflict between those views and the former employer's policies. *See, e.g.*, *Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) ("Plaintiff does not explain her religious beliefs. Nor does she explain how practicing them conflicted with her employment duties at the Mayo Clinic. A threadbare reference to her 'religious beliefs' cannot suffice to meet this element at the motion to dismiss stage." (citation omitted)); *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) (McShane, J.) ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations. . . . A threadbare reference to religious beliefs is insufficient at the motion to dismiss stage." (quotation marks and citation omitted)); *Harper v. Harbor Health*, Civil Action No. 21-cv-11562-AK, 2022 WL 2971883, at *3 (D. Mass July 27, 2022) (holding that Title VII claims made "in a conclusory fashion" are "insufficient to state a plausible claim for relief for religious discrimination." (citation omitted)); *Troulliet v. Gray Media Grp., Inc.*, CIVIL ACTION NO. 22-5256, 2023 WL 2894707, at *5 (E.D. La. Apr. 11, 2023) (holding that it was insufficient for a plaintiff to "rel[y] merely on her conclusory assertions that she remained unvaccinated because she would not violate her religious beliefs"); *Cagle v. Weill Cornell Med.*, 22-cv-6951 (LJL), 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023) ("Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII." (citation omitted)); *Rainey v. Westminster Pub. Schs.*, Civil Action No. 22-cv-03166-RMR-KAS, 2023 WL

PAGE 5 – OPINION AND ORDER

6292722, at *3 (D. Colo. Sept. 27, 2023) ("Threadbare references to Plaintiffs' religious beliefs are insufficient to satisfy the first element of a failure to accommodate claim at the motion to dismiss stage." (citation omitted)). It follows from these cases that Plaintiff's conclusory reference to her religious beliefs in her Complaint cannot survive Rule 12(b)(6).

The requirement that Title VII plaintiffs provide more than a recitation of the elements of a prima facie claim is not an empty formalism. Courts, including this one, have held that certain pleadings in Title VII religious discrimination cases did not suffice because, on close inspection, their allegations, which were couched as religious objections to employment practices, were in fact secular. *See Detwiler v. Mid-Columbia Med. Ctr.*, Case No. 3:22-cv-01306-JR, 2022 WL 19977290, at *4 (D. Or. Dec. 20, 2022) ("Plaintiff's allegations—which center on her belief that COVID-19 antigen tests are carcinogenic—fail to establish sincere religious opposition under" applicable law), *report and recommendation adopted*, 2023 WL 3687406 (D. Or. May 26, 2023) (Immergut, J.); *see also, e.g.*, *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 492 (3d Cir. 2017) ("It does not appear that these beliefs address fundamental and ultimate questions having to do with deep and imponderable matters . . . . Generally, he simply worries about the health effects of the flu vaccine"); *Kiel v. Mayo Clinic Health Sys. Se. Minn.*, Civil No. 22-1319 (JRT/ECW), 2023 WL 5000255, at *8 (D. Minn. Aug. 4, 2023) ("Because this objection appears rooted in her belief that the vaccine is unhealthy or unsafe, which is not itself a religious belief, it does not satisfy the first" element for a Title VII claim); *Winans v. Cox Auto., Inc.*, CIVIL ACTION NO. 22-3826, 2023 WL 2975872, at *4 (E.D. Pa. Apr. 17, 2023) ("While we accept as true that Plaintiff has concerns with the COVID-19 vaccine, we cannot reasonably infer, based on the facts alleged in the Complaint, that his concerns are religious in nature." (citation omitted)). Indeed, this is consistent with Ninth Circuit precedent in the First Amendment context.

*See, e.g.*, *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) ("The remaining question, then, is whether Callahan's objections are 'rooted in' a belief that is religious in nature." (citation omitted)); *see also, e.g.*, *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51–52 (2d Cir. 1988) ("[A] threshold inquiry into the 'religious' aspect of particular beliefs and practices cannot be avoided, if we are to determine what is in fact based on religious belief, and what is based on secular or scientific principles." (original quotation marks and citation omitted)).

Accordingly, Plaintiff's Complaint must do more than state that her religious beliefs conflict with Defendant's policy. Her Complaint must describe the conflict with factual specificity, which it failed to do.

However, this Court does not find at this stage that it is "clear that the complaint could not be saved any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (quotation marks omitted) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)). Therefore, Plaintiff has leave to amend her Complaint. *See* Resp., ECF 16 at 13–14.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss, ECF 9, with leave for Plaintiff to amend her Complaint. Any amended complaint must be filed within fourteen days.

**IT IS SO ORDERED.**

DATED this 25th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge