IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARGARET GAMON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SHRINERS HOSPITALS FOR CHILDREN**, a corporation,<br><br>Defendant. | Case No. 3:23-cv-00216-IM<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Meagan A. Himes and Sarah Elizabeth Ames Benedict, David Wright Tremaine, LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201-5630. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Shriners Hospitals for Children's Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss ("MTD"), ECF 22. Defendant contends that Plaintiff Margaret Gamon's First Amended Complaint ("Compl."), ECF 19, fails to allege religious discrimination under Title VII of the Civil Rights Act and O.R.S. 659A.030. *See* MTD, ECF 22 at 11–18. Alternatively,

PAGE 1 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

Defendant argues that Plaintiff's claims must be dismissed because any accommodation for Plaintiff's alleged religious beliefs would have presented an undue hardship to Defendant as a matter of law. *Id.* at 18–25. In light of current case law, this Court finds Defendant's arguments unpersuasive and thus DENIES the Motion to Dismiss.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, a complaint's allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## BACKGROUND[1]

Plaintiff began working for Defendant in June 1998 as an Executive Assistant at Shriners Children's Hospital in Portland, Oregon. Compl., ECF 19 ¶¶ 3, 5. During her twenty-three years

---

[1] The background facts come from the First Amended Complaint and the vaccine exemption form Plaintiff attached to the Complaint. The latter document is incorporated by reference into the Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). "When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint . . . , those specific facts are controlling." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023). Otherwise, at

PAGE 2 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

with Defendant, Plaintiff consistently received very good to excellent reviews from her supervisor and once received the Employee of the Month award. *Id.* ¶ 5.

In late February 2020, the COVID-19 pandemic unfolded, "represent[ing] a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities." *Id.* ¶ 7. Despite the pandemic, Plaintiff continued to work in person. *Id.* ¶¶ 8–9. She followed hospital rules to protect herself from infection—wearing personal protective equipment, handwashing, social distancing, and quarantining when necessary. *Id.* ¶ 10.

In the Summer of 2021, Defendant announced that it was rolling out a COVID-19 vaccine mandate that permitted exceptions based on religious belief and preexisting medical conditions. *Id.* On September 16, 2021, Plaintiff submitted a request for a religious exemption, in which she stated:

> I am writing to request a religious exemption due to my sincere religious belief that prohibits me from injecting any of the three currently available COVID vaccines. This would be a sin and violation of my religious beliefs. All three vaccines available are produced by, derived from, manufactured with, tested on, developed with, or otherwise using aborted fetal cell lines.
>
> As a Christian protecting my body from defilement according to God's law, I invoke my religious right to refuse any vaccine that utilizes abortion-derived cell lines at any stage of the creation of the vaccine. This is protected by Title VII of the Civil Rights Act of 1964, which is a federal law that protects employees against discrimination based on certain specified characteristics: race, color, national origin, sex, and religion.
>
> Again, my beliefs regarding the sanctity of human life conflict directly with any requirement to inject aborted-tainted vaccinations into my body. The Bible teaches us: "Do you not know that your bodies are temples of the Holy Spirit, who is in you , whom you have received from God? You are not your own." 1 Corinthians

---

the motion to dismiss stage, this Court must accept all well-pleaded factual allegations from the Complaint as true and draw all reasonable inferences in the non-movant's favor. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

PAGE 3 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

> 6:19. It further instructs, "Therefore, since we have these promises, dear friends, let us purify ourselves from everything that contaminates body and spirit, perfecting holiness out of reverence for God." 2 Corinthians 7:1.
>
> I therefore, respectfully request an exemption from the COVID vaccination requirement as it violates my sincerely held religious beliefs, practice and observance.

Vaccine Exemption Request Form, ECF 19-1 at 1–2. Defendant denied Plaintiff's request for a religious exemption. Compl., ECF 19 ¶ 11. Soon after, she was fired on October 18, 2021. *Id.*

On February 13, 2023, Plaintiff filed this suit against Defendant, seeking damages exceeding $100,000, attorney's fees, and costs. *Id.* at 7 (Prayer for Relief). She alleges that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs, in violation of O.R.S. 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–e-17. *Id.* ¶¶ 21–30. In response, Defendant filed a motion to dismiss, which this Court granted without prejudice on October 25, 2023. *See* ECF 18. Plaintiff then filed her First Amended Complaint, and Defendant responded with the instant Motion to Dismiss. This Court now denies the Motion.

## DISCUSSION

Defendant argues that Plaintiff's First Amended Complaint must be dismissed under Rule 12(b)(6) because Plaintiff fails to allege a prima facie claim and because any reasonable accommodation for Plaintiff would have posed an undue hardship to Defendant.

With respect to Plaintiff's prima facie claim, Defendant levies three challenges. First, it asserts that Plaintiff has failed to allege a prima facie claim for religious discrimination because she did not describe "her particular [religious] belief." MTD, ECF 22 at 11. Second, in Defendant's view, Plaintiff's religious beliefs are not sufficiently tied to "formal and external signs of religion." *Id.* at 13 (citation omitted). And third, Defendant contends, Plaintiff's claim

must be dismissed because her alleged religious beliefs are "fungible enough to impermissibly allow her to avoid all unwanted legal obligations." *Id.* at 14.

With respect to the undue hardship defense, Defendant makes two arguments. First, Defendant asserts that this Court must adopt a categorical rule that the undue hardship defense applies at the motion to dismiss stage, as a matter of law, whenever the case concerns an employer-defendant that provides health services and the employee-plaintiff is a healthcare provider. *Id.* at 19–22. Second, Defendant says, an accommodation for Plaintiff would have required it to violate state law. *Id.* at 22–25.

At this stage, these arguments are unpersuasive, and this Court accordingly denies the Motion to Dismiss. Each argument is addressed in turn.

**A.  Plaintiff Has Pleaded a Prima Facie Claim for Religious Discrimination**

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). To make a prima facie case of religious discrimination under Title VII, Plaintiff must show that: "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (citation omitted). The same elements apply to claims under O.R.S. 659A.030. *Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007).

Only prong (1)—whether Plaintiff has alleged a bona fide religious belief—is at issue here. Defendant raises three arguments, but none is availing at this stage.

PAGE 5 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

### 1. Plaintiff Has Sufficiently Alleged Facts Regarding Her Specific Religious Beliefs

To begin with, Defendant argues that Plaintiff has not alleged a bona fide religious belief because her allegations fail to "establish her particular [religious] belief" and instead only describe "the orthodoxy to which she subscribes." MTD, ECF 22 at 11.

This assertion is erroneous. In her exemption request, Plaintiff maintained that she is a "Christian" whose "sincere religious belief . . . prohibits [her] from injecting any of the three currently available COVID vaccines" because they "are produced by, derived from, manufactured with, tested on, developed with, or otherwise using aborted fetal cell lines." Vaccine Exemption Request Form, ECF 19-1 at 1. Plaintiff added that "[her] beliefs regarding the sanctity of human life conflict directly with any requirement to inject aborted-tainted vaccinations into [her] body." *Id.* Accordingly, Plaintiff sufficiently described *her* personal religious beliefs—not general tenets of a religion at large—and how those beliefs in the sanctity of human life conflict with receiving a vaccination developed through the use of fetal cell lines. *See Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *4 (D. Or. July 28, 2023) (denying a motion to dismiss a claim premised on "opposition to injecting into [plaintiff's] body anything that 'originates from fetal cell lines'" because it could be "inferred that [plaintiff's] belief in God informs his opposition to receiving a vaccine he alleges originates from the use of fetal cells" (citations omitted)). At the motion to dismiss stage, this Court must accept this description as true and view it in the light most favorable to Plaintiff. *See Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1220 (9th Cir. 2023).[2] Thus, Defendant's arguments about the particularity of Plaintiff's religious beliefs fail.

---

[2] There is no dispute that, as Defendant puts it, fetal cell lines "were relied upon in testing the vaccines." MTD, ECF 22 at 16 (footnote and citations omitted).

PAGE 6 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

## 2. At this Stage, this Court Cannot Gauge the Validity of Plaintiff's Religious Beliefs Based on Whether They Are Tied to "Formal and External Signs of Religion"

Defendant also appears to argue that Plaintiff's allegations are insufficient because she failed to "tie her anti-abortion beliefs to any formal and external signs of religion." MTD, ECF 22 at 13 (quoting *Kiel v. Mayo Clinic Health Sys. Se. Minn.*, Civil No. 22-1319 (JRT/ECW), 2023 WL 5000255, at *8 (D. Minn. Aug. 4, 2023)). But this argument is effectively a request for this Court to gauge the reasonableness of Plaintiff's religious views, which this Court cannot do at this stage. *See Bolden-Hardge*, 63 F.4th at 1223 (instructing that, for Title VII claims on a motion to dismiss, courts should "not interrogate the reasonableness of [the plaintiff's] beliefs and [should] instead focus [their] inquiry on whether she ha[d] alleged an actual conflict").[3]

Instructive here is *Doe v. San Diego Unified School District*, 19 F.4th 1173 (9th Cir. 2021), which involved a preliminary injunction motion against a COVID-19 vaccine mandate under the Free Exercise Clause of the First Amendment. The plaintiff there "explain[ed] that her Christian faith prevents her from using any vaccines that depend on use of fetal cell lines at any stage of their development." *Id.* at 1176 n.3. Although the Ninth Circuit denied plaintiff a preliminary injunction, it made clear that her religious beliefs were cognizable and proceeded to the merits of her claim. *See id.* at 1176 n.3, 1177–80. Said the Ninth Circuit: "We may not and do not question the legitimacy of [her] religious beliefs regarding COVID-19 vaccinations." *Id.* at 1176 n.3 (citation omitted). Faced with nearly identical religious beliefs at the motion to

---

[3] Because *Bolden-Hardge* is the clearest, most recent guidance from the Ninth Circuit regarding a plaintiff's prima facie case under Title VII, and because *Bolden-Hardge* concerned the motion to dismiss stage of a Title VII proceeding, this Court looks to that case as providing the rule of decision for the instant Motion instead of the Ninth Circuit's approach under the Establishment Clause in *Alvarado v. City of San Jose*, 94 F.3d 1223 (9th Cir. 1996).

PAGE 7 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

dismiss stage, this Court, too, may not question the legitimacy of Plaintiff's religious beliefs regarding COVID-19 vaccinations.

Also instructive is the Ninth Circuit's recent unpublished memorandum in *Keene v. City and County of San Francisco*, No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023), which concerned a preliminary injunction motion against a COVID-19 vaccine mandate under Title VII. The plaintiffs there alleged, without more, that they are "Christians who believe[] in the sanctity of life" and are "opposed to the vaccines because they were derived from stem cells from aborted fetuses, in direct contradiction to [their] Christian beliefs." Verified Complaint, *Keene v. City & County of San Francisco*, 2023 WL 3451687 (No. 22-16567), 2022 WL 782445 ¶¶ 8–10. The district court below held that these allegations failed to state a claim under Title VII and denied the motion for preliminary injunction because "[n]either Plaintiff has demonstrated that their religious beliefs are sincere or that those beliefs conflict with receiving the COVID-19 vaccine." *Keene*, 2023 WL 3451687, at *2 (quoting the district court). The Ninth Circuit reversed and remanded, however, explaining that "[a] religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Id*. Quoting *Thomas v. Revenue Board of Indiana Employment Security Division*, 450 U.S. 707, 714 (1981), the *Keene* court clarified that "[t]he resolution of whether a belief is religious is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment [or Title VII] protection." *Id.* (original brackets omitted).

*Keene* thus forecloses Defendant's test, which would have this Court evaluate a religious belief's validity based on its relationship to "formal and external signs of religion." In substance,

PAGE 8 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

Defendant's test is an invitation for judges to consider a religious belief's validity based on its comprehensibility. As *Keene* makes clear, this Court cannot do that at this procedural posture.

Given the Ninth Circuit's guidance in *Bolden-Hardge*, *Doe*, and *Keene*, this Court at this procedural posture must accept Plaintiff's allegations regarding her personal religious beliefs as true and reject any argument urging this Court to scrutinize the reasonableness of those beliefs based on whether they are tied to "formal and external signs of religion." MTD, ECF 22 at 13 (citation omitted).

### 3. The "Fungibility" of a Religious Belief Does Not Require Dismissal at the Motion to Dismiss Stage

Defendant next asks this Court to adopt a rule that a Title VII plaintiff cannot allege religious beliefs that are "fungible enough to impermissibly allow her to avoid all unwanted legal obligations." *Id.* at 14. This argument is not without some force—as the Supreme Court and Ninth Circuit have both recognized, "the very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests." *Jones v. Bradley*, 590 F.2d 294, 295 n.2 (9th Cir. 1979) (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215–16 (1972)); *cf. Emp't Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 879 (1990) (explaining that the Free Exercise Clause does not "make the professed doctrines of religious belief superior to the law of the land, and in effect to permit every citizen to become a law unto himself" (quoting *Reynolds v. United States*, 98 U.S. 145, 166–67 (1878)). Moreover, the implications that potentially follow from Plaintiff's alleged religious beliefs—for instance, as Defendant asserts, that she cannot consume any over-the-counter medications without violating her alleged beliefs, *see* MTD, ECF 22 at 17–18—might bear on the sincerity of those beliefs at a later stage in this litigation. *See Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th

PAGE 9 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

Cir. 2008) (explaining that, in the Free Exercise context, courts may permissibly gauge the sincerity of a religious belief but not the "centrality" of the belief).

At the motion to dismiss stage, however, current Ninth Circuit case law—as reflected in *Bolden-Hardge*, *Doe*, and *Keene*—prohibits courts from dismissing a prima facie claim based solely on the "fungibility" of a plaintiff's religious beliefs. *See supra* at 7–9. And Defendant has not challenged the sincerity of Plaintiff's beliefs at this stage. Thus, this Court cannot now dismiss Plaintiff's claims based on "fungibility." But nothing in this Opinion should be construed as lowering the ultimate burden Plaintiff bears to prove her case. *Cf. United States v. Christie*, 825 F.3d 1048, 1055–56 (9th Cir. 2016) (explaining that to invoke the Religious Freedom Restoration Act, which protects the "exercise of religion," plaintiffs must "establish a prima facie case" including "that they sincerely hold [religious] beliefs, and do not simply recite them for the purpose of draping religious garb over" secular activities).

\* \* \*

In sum, Defendant's contention that Plaintiff has failed to allege a prima facie case under Title VII must fail under current Ninth Circuit case law. The First Amended Complaint therefore survives Defendant's Rule 12(b)(6) challenge.

**B.   Defendant Fails to Assert a Successful Undue Hardship Defense at this Stage**

Nonetheless, Defendant contends, Plaintiff's First Amended Complaint must also be dismissed because any accommodation for her religious beliefs would have posed an "undue hardship" to Defendant. Under Title VII, if an employee succeeds in establishing a prima facie case, the burden shifts to the employer to prove "that it could not reasonably accommodate the employee without undue hardship." *Tiano*, 139 F.3d at 681 (citations omitted). An "undue hardship" is "shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023) (citation omitted). This inquiry is "fact-

PAGE 10 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

specific" and "takes into account all relevant factors . . . including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." *Id.* at 468, 470–71 (citation and internal quotation marks omitted). Because undue hardship "is an affirmative defense[,] dismissal on that ground is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint or in any judicially noticeable materials." *Bolden-Hardge*, 63 F.4th at 1224 (citations and internal quotation marks omitted). At this stage, this Court finds Defendant's undue hardship arguments unavailing.

First, Defendant urges this Court to recognize a categorical rule that "allowing an unvaccinated healthcare employee to continue working on-site would, as a matter of law, on a motion to dismiss, create an undue hardship for the employer in the form of an increased safety risk—irrespective of proposed alternative efforts, like increased testing or masking." MTD, ECF 22 at 19 (emphasis removed). In support, Defendant offers two pieces of evidence. First, Defendants says, "it was generally known within the trial court's jurisdiction . . . that, in the fall of 2021, it was reasonable for Shriners Children to believe that COVID-19 posed health and safety risks that are compounded in the healthcare environment." Defendant's Reply ("Reply"), ECF 25 at 7 (emphasis and internal quotation marks omitted). Second, Defendant relies on the preamble to the State of Oregon's COVID-19 vaccine mandate regulation, O.A.R. 333-019-1010: "It is vital to this state that healthcare providers and healthcare staff be vaccinated against COVID-19. . . . Fully vaccinated people get COVID-19 (known as vaccine breakthrough infections) much less often than unvaccinated people. . . . [Vaccination] is necessary to help control COVID-19, protect patients, and to protect the state's healthcare workforce." *Id.* at 8 (quoting O.A.R. 333-019-1010(1)).

PAGE 11 – OPINION AND ORDER DENYING THE MOTION TO DISMISS

These statements alone—assuming this Court can judicially notice them—do not show as a matter of law that Defendant would have faced an undue hardship had it attempted to accommodate Plaintiff's religious beliefs. Though no longer in effect,[4] Oregon's COVID-19 vaccine mandate regulation, O.A.R. 333-019-1010(4), provides that a health employer may grant an employee a religious exemption from the vaccination requirement so long as the employer "take[s] reasonable steps to ensure that unvaccinated healthcare providers and healthcare staff are protected from contracting and spreading COVID-19." As this Court has recognized, "[i]nherent in OAR 333-019-1010(4) is at least an implicit recognition that there [were] steps that an employer could plausibly [have] take[n], in lieu of a COVID-19 vaccine, to protect workers and staff from spreading and contracting COVID-19." *MacDonald v. Or. Health & Sci. Univ.*, Case No. 3:22-cv-01942-IM, 2023 WL 5529959, at *7 (D. Or. Aug. 28, 2023); *see also* Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61,555, 61,663 (Nov. 5, 2021) (explaining that "vaccination of *almost all* staff of covered providers and suppliers is necessary to promote and protect patient health and safety" (emphasis added)). Consequently, this Court "is not persuaded that, as a matter of law, [*Groff*'s] fact-specific inquiry is satisfied by pointing to the scientific consensus that justified vaccine mandates *with religious exemptions* to prove in every circumstance that any religious accommodation beyond indefinite unpaid leave [or termination] was an undue hardship." *Zimmerman v. PeaceHealth*, Case No. 3:22-cv-05960, 2023 WL 7413650, at *9 (W.D. Wash. Nov. 9, 2023).

Second, in Defendant's view, "[a]ny accommodation in lieu of vaccination would [have] ma[d]e Shriners Children violate the law and therefore [would have] impose[d] an undue

---

[4] The provision was repealed in June 2023. *See Free Or., Inc. v. Or. Health Auth.*, 329 Or. App. 460, 462 n.2 (2023).

burden." MTD, ECF 22 at 22. Defendant is generally correct that "an employer is not liable under Title VII when accommodating an employee's religious beliefs would [have] require[d] the employer to violate federal or state law" because "the existence of such a law establishes 'undue hardship.'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830–31 (9th Cir. 1999) (citing *Bhatia v. Chevron U.S.A., Inc.*, 734 F.2d 1382, 1383–84 (9th Cir. 1984)).

Defendant errs, however, in asserting that accommodating Plaintiff's religious beliefs here would have required it to violate Oregon law. According to Defendant, there were no reasonable steps that Defendant could have taken here in compliance with O.A.R. 333-019-1010(4) because no steps could "make certain" that Plaintiff would not spread COVID-19 to Defendant's vulnerable patients as much as having Plaintiff receive the vaccine. MTD, ECF 22 at 23. But as a matter of law, this reading of the exemption provision would render it surplusage because no exemptions to the vaccine would ever be available. This Court will not presume that the Oregon Health Authority purposefully issued a meaningless regulation. *Cf. State v. Clemente-Perez*, 357 Or. 745, 755 (2015) ("As a general rule, we also assume that the legislature did not intend any portion of its enactments to be meaningless surplusage.").

\* \* \*

At this stage, Defendant's undue hardship arguments fail. Defendant's categorical rule does not follow from the evidence it offers, and the current record does not support Defendant's argument that it could not grant Plaintiff an accommodation in compliance with state law.

## CONCLUSION

For the reasons above, this Court DENIES Defendant's Motion to Dismiss the First Amended Complaint, ECF 22.

**IT IS SO ORDERED.**

DATED this 15th day of February, 2024.

                                                        /s/ Karin J. Immergut
                                                        Karin J. Immergut
                                                        United States District Judge