IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARGARET GAMON**, an individual, | Case No. 3:23-cv-00216-IM |
| Plaintiff, | **ORDER AWARDING ATTORNEY'S FEES** |
| v. | |
| **SHRINERS HOSPITALS FOR CHILDREN**, a corporation, | |
| Defendant. | |

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant's request for attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5), (d)(1)(A). In October 2024, Defendant filed a Motion to Compel Discovery Responses, ECF 37, and requested its reasonable attorney's fees and costs incurred in bringing the Motion, *id.* at 6–8. Plaintiff failed to timely respond to that motion, and in November 2024, this Court issued an Order to Show Cause, ECF 39. Plaintiff filed a response, ECF 40, this Court granted Defendant leave to file a reply, ECF 44, Plaintiff filed a sur-reply, ECF 47, and this Court ordered Defendant to respond to the sur-reply, ECF 48.

PAGE 1 – ORDER ON ATTORNEY'S FEES

Defendant filed a sur-reply in response, ECF 49. This Court then held oral argument and ordered sanctions against Plaintiff in the form of reasonable attorney's fees, ECF 52.

Defendant timely filed a statement for attorney's fees ("Stmt."), ECF 53, seeking an award of $28,115 in attorney's fees incurred in briefing and arguing its motion to compel, ECF 37, reply, ECF 44, and sur-reply, ECF 49. Plaintiff did not file a response to Defendant's statement for attorney's fees.

For the reasons set forth below, this Court awards costs and fees totaling $19,742.55. Plaintiff's counsel is responsible for paying these fees and must do so within thirty (30) days of this Order.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, when a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court must independently review fee requests "to assure that [the requested] attorney's fees are fair and proper, independently of any objection." *Relion, Inc. v. Hydra Fuel Cell Corp.*, No. CV06-607-HU, 2007 WL 2984124, at *1 (D. Or. Oct. 10, 2017). "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986).

To determine reasonable attorney's fees, the court calculates the lodestar figure by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

PAGE 2 – ORDER ON ATTORNEY'S FEES

As to the number of hours expended, the text of Rule 37 suggests that only time spent preparing the motion is compensable. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring payment of "the movant's reasonable expenses incurred in making the motion"); *Berryhill v. Johnson*, No. 11-1468, 2012 WL 13020328, at *2 (C.D. Cal. July 19, 2012). It is generally unreasonable to award attorney's fees for time spent on clerical tasks, duplicative filings, and discovery analysis. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Additionally, tasks counsel "would have done anyway to attempt to resolve the dispute," including time spent on meet-and-conferral efforts, are "not compensable." *Sandoval v. Yeter*, No. CV 18-0867, 2019 WL 7905731, at *4 (C.D. Cal. Oct. 31, 2019).

As to the hourly rate, "[i]t is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). The appropriate hourly rate "must be consistent with the prevailing market rate in . . . the jurisdiction where the court sits." *Relion, Inc.*, 2007 WL 2984124, at *1. "The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community." *Frevach Land Co. v. Multnomah Cnty.*, No. CV-99-1295-HU, 2001 WL 34039133, at *18 (D. Or. Dec. 18, 2001). Courts in Oregon refer to the most recent Oregon State Bar ("OSB") economic survey as a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality. *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or. 2013).

## DISCUSSION

This Court concludes that 37.9 hours of defense counsel's work incurred in making and arguing the Motion to Compel Discovery is reasonable and compensable under Rule 37(e). This Court reduces 2.7 of the hours defense counsel logs because that time was spent on unrecoverable clerical work, conferral with opposing counsel, initial discovery analysis, and

PAGE 3 – ORDER ON ATTORNEY'S FEES

emailing their client. Additionally, this Court reduces the hourly billing rate of the two associate attorneys who prepared and argued the motion because defense counsel did not provide information justifying billing for hourly rates above the 95th percentile for attorneys in Portland with the same years of experience. This Court accordingly awards $19,742.55 in fees and costs to Defendant's counsel. This Court first discusses the reasonable number of hours, then turns to the reasonable rate, and finally determines who is responsible for payment.

Defense counsel asks the Court to award attorney's fees for 40.6 hours spent on various tasks related to its Motion to Compel Discovery Responses, ECF 37. Stmt., ECF 53. Defendant's counsel submitted an itemized log describing hours spent preparing the motion and for oral argument, *id.*, as well as a signed declaration attesting to the accuracy of the billing records, summarizing the experience of the lawyers involved, and attesting to the reasonableness of the time spent and the lawyers' hourly rates. Declaration of Megan Himes ("Himes Decl."), ECF 54.

After reviewing Defendant's time logs, this Court finds that 37.9 hours were reasonably expended to prepare Defendant's Motion to Compel. 2.7 hours were spent on matters that are not compensable under Rule 37(a)(5), such as clerical tasks, conferral to resolve the dispute, discovery analysis, and communication with Defendant's client.[1]

Defendant requests fees for work performed by four attorneys. Sarah Ames Benedict is a litigation partner leading this matter and has been practicing law for fifteen years. Himes Decl., ECF 54 ¶ 4. Defendant requests an hourly rate of $850 to compensate Ms. Benedict. *Id.* Defendant seeks an hourly rate of $824 to compensate Kathy Dent, of counsel, who has been

---

[1] Specifically, the time log entries from October 10, 15, 25, 28 (second entry), November 13, and November 26 include certain tasks that are not compensable. See Himes Decl., ECF 54, Ex. 1 at 1–3 (describing "coordinat[ing] filing of" motions, conferring and following up with opposing counsel, reviewing timeliness of Plaintiff's discovery responses, and emailing client).

practicing law for twenty-eight years. *Id.* ¶ 5. This Court concludes that the hourly rates for these attorneys are reasonable, considering their experience, OSB Economic Survey at 42–43,[2] and the mean rates for business litigation in downtown Portland, OSB Economic Survey at 44.

Defendant requests an hourly rate of $660 for Megan Himes, a senior litigation associate who has been practicing law for five years, Himes Decl., ECF 54 ¶ 6, and an hourly rate of $590 for Olivia Wiebe, a litigation associate who has been practicing law for three years, *id.* ¶ 7. According to the OSB Economic Survey, the median hourly billing rate for a lawyer with 4–6 years of experience in downtown Portland is $308, and the 95th percentile is $495. OSB Economic Survey at 42. The median rate for a lawyer with 0–3 years of experience in downtown Portland is $300 per hour, and the 95th percentile is $538. *Id.* Defense counsel's declaration in support of their statement of attorney's fees does not provide any information justifying the claimed hourly rates, which are each above the top 5%. Himes Decl., ECF 54 ¶¶ 6–7. Absent any justification, this Court finds that an hourly rate approximately halfway between the median and 95th percentile rates is reasonable for each associate attorney based on the information provided.

Of the 37.9 compensable hours, 5.7 of them were performed by Benedict at $850 per hour, 4.4 hours were performed by Dent at $824 per hour, 21.5 hours were performed by Himes at $401.5 per hour, and 6.3 hours were performed by Wiebe at $419 per hour. Accordingly, this Court finds an award of $19,742.55 in attorney's fees is appropriate to award Defendant's counsel.

Under Rule 37(a)(5), either "the party . . . whose conduct necessitated the motion" to compel, or the "attorney advising the conduct, or both" may be required to pay the reasonable

---

[2] This Court refers to the 2022 OSB Economic Survey, which is available on the Oregon State Bar website at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

PAGE 5 – ORDER ON ATTORNEY'S FEES

attorney's fees. Plaintiff has not stated a position on whether Ms. Gamon or her counsel should pay the attorney's fees award under Rule 37(a)(5)(A). The undisputed facts in the record show that Plaintiff's counsel should be responsible for the ordered attorney's fees. In response to Defendant's Motion to Compel, Plaintiff's counsel stated it "ha[d] been working diligently with the Plaintiff to complete the outstanding discovery responses," and that the delayed discovery responses were "in part due to difficulty in obtaining the Plaintiff's employment history," but that "this information was eventually received and submitted to defense counsel." Plaintiff's Response to Defendant's Motion to Compel, ECF 40 at 2. Plaintiff's sur-reply to Defendant's Motion to Compel further stated that "Plaintiff's counsel ha[d] been working diligently with the Plaintiff to complete the outstanding discovery responses due." Sur-Reply to Motion to Compel, ECF 47 at 1. Based on these facts, this Court is unsure whether Ms. Gamon is even aware of her attorney's conduct, let alone responsible for it.

Counsel, not clients, are responsible for preparing and timely serving complete written responses to discovery requests. *See Knickerbocker v. Corinthian Colls.*, 298 F.R.D. 670, 678 (W.D. Wash. 2014) ("Counsel bear responsibility for coordinating their clients' discovery production."). This Court therefore finds that it was Plaintiff's counsel's conduct that "necessitated the motion." Accordingly, Plaintiff's counsel, and not Plaintiff herself, is responsible for paying the attorney's fees.

## CONCLUSION

Defendant's request for attorney's fees, ECF 37, 53, is GRANTED IN PART and DENIED IN PART. This Court AWARDS $19,742.55 in fees and costs to Defendant at Plaintiff's counsel's expense. Payment shall be made within thirty (30) days of this Order.

**IT IS SO ORDERED.**

DATED this 6th day of February, 2025.

                                                /s/ Karin J. Immergut
                                                Karin J. Immergut
                                                United States District Judge